# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:01-CR-00152-FDW-1

| | |
|---|---|
| CLAUDE LAMONT LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion to Reduce Sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205 (Doc. No. 122). For the reasons stated below, Petitioner's motion is DENIED.

On May 17, 2002, Petitioner pleaded guilty to conspiracy against the United States, armed bank robbery and aiding and abetting the same, and carrying, brandishing, and discharging a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 371, 924(c), and 2113(d). On March 29, 2004, this Court entered judgment against Petitioner and sentenced him to a total of 207 months in prison. Petitioner now comes before the Court and argues that his sentence should be reduced because he has been a model prisoner and is rehabilitated.

Petitioners reliance on sections 3582(c)(1)(A) and 4205 are misplaced. First, § 3582(c)(1)(A) only applies "upon motion of the Director of the Bureau of Prisons." 18 U.S.C.A. § 3582(c)(1)(A) (West 2007). There is no indication from either Petitioner's motion or from the record in general that the Bureau of Prisons ("BOP") has made any such motion. Apparently in lieu of a motion from

the BOP, Petitioner has attached certain affidavits explaining an event in which he assisted in obtaining help when a chaplain with whom Petitioner was walking, Chaplain Mai, passed out due to dehydration. While certainly a commendable act, these affidavits cannot serve as substitutes for a motion from the BOP seeking to have Petitioner's sentence reduced. Absent such a motion, § 3582(c)(1)(A) is inapplicable. Similarly, § 4205 is inapplicable as it has be repealed.

However, even assuming the applicability of the statutes Petitioner relies upon, this Court would not exercise its discretion to reduce Petitioner's sentence. Petitioner was sentenced to more than seventeen years in prison for serious felony charges. Now, little more than three years into that sentence, Petitioner claims to have been rehabilitated and is eager to once again contribute to society. Having reviewed the record in this case and the factors in 18 U.S.C. § 3553(a), the Court has determined that, among other things, "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant" strongly mitigate against a sentence reduction. Accordingly, the Court would refuse to exercise its discretion to reduce Petitioner's sentence even assuming statutory authority for it to do so.

Therefore, and for the reasons stated above, Petitioner's Motion to Reduce Sentence is DENIED.

IT IS SO ORDERED.　　　　　　　　　Signed: October 29, 2007

Frank D. Whitney
United States District Judge